## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. CR-16-039-D |
| | ) | (CIV-21-1176-D) |
| JONATHAN DALE WALKER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Jonathan Dale Walker's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 64]. The government responded in opposition [Doc. No. 69]. Upon examination of the parties' submissions and the case record, the Court finds that no hearing is needed and Defendant's § 2255 motion should be denied.

## BACKGROUND

Defendant was charged in a superseding indictment with one count of bank robbery, one count of conspiracy to commit bank robbery, and two counts of money laundering. [Doc. No. 30]. Pursuant to a plea agreement with the government [Doc. Nos. 38–40], Defendant pleaded guilty to conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 and misprision of a felony in violation of 18 U.S.C. § 4. The United States Sentencing Guidelines recommended a range of 84 to 105 months imprisonment; the statutory maximum sentence for these convictions, however, was 96 months. The Court imposed a sentence that included 84 months of incarceration. Despite having waived his right to

collaterally challenge or move to modify his sentence, Defendant filed this motion under § 2255.

By his motion, Defendant argues he is entitled to resentencing in light of the expungement of a previous state court conviction used to calculate his criminal history category. That conviction, entered by the District Court for Cleveland County, Oklahoma in 2009, was for violation of a protective order. PSR [Doc. No. 46] at ¶ 68. Defendant's criminal history category was IV. Without the conviction for violation of the protective order, his category would have been III; the guideline range, instead of 84 to 105 months, would have been 70 to 87 months. In 2020, the Cleveland County District Court expunged Defendant's conviction for violation of the protective order. Defendant contends the Court, now, must "start the sentence calculation with the corrected range." [Doc. No. 64] at p.7. Defendant asks the Court to resentence him to 70 months imprisonment.

## STANDARD OF DECISION

Under 28 U.S.C. § 2255, a prisoner in federal custody may challenge his sentence on the basis that "the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." The movant is entitled to an evidentiary hearing on his claim, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* at § 2255(b).

Under Tenth Circuit precedent, "a waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). In deciding whether to enforce

collateral attack waiver, the Court must determine: (1) if the § 2255 motion falls within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his right to bring a § 2255 motion; and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (addressing appellate waivers).

## DISCUSSION

The government has moved to enforce the plea agreement and its unequivocal waiver of Defendant's right to collaterally challenge his sentence. Defendant specifically waived his "right to collaterally challenge or move to modify (under 28 U.S.C. § 2255, 18 U.S.C. § 3582(c)(2), or any other ground) his conviction or sentence, including any restitution, except with respect to claims of ineffective assistance of counsel." *See* Plea Agreement [Doc. No. 38] at p.7.

## I.     The instant motion falls within the scope of the waiver.

Courts will "strictly construe" the scope of the waiver, and "any ambiguities in these agreements will be read against the government and in favor of a defendant's [collateral attack] rights." *Hahn*, 359 F.3d at 1325 (quoting *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003) (en banc)). In line with the dictates of *Cockerham*, 237 F.3d at 1187, this waiver provides an exception for claims of ineffective assistance of counsel. *See* Plea Agreement [Doc. No. 38] at p.7.

Defendant's motion strictly concerns his sentence, particularly the calculation of his criminal history category and, thus, the applicable guidelines range. This claim plainly falls within the scope of the waiver. Further, the waiver provision expressly states that

Defendant relinquished his right to move to modify his sentence under § 2255. Defendant does not claim the plea or waiver were the result of ineffective assistance of counsel, and he does not raise any other ineffective assistance claim. Therefore, the Court finds that the instant motion falls within the scope of the collateral challenge waiver in Defendant's plea agreement.

## II.     The plea and waiver were made knowingly and voluntarily.

With respect to the second factor, Defendant bears the burden of demonstrating that his waiver was not knowing and voluntary. *See United States v. Smith*, 500 F.3d 1206, 1210 (10th Cir. 2007).

Defendant's statements and testimony at the plea hearing make clear that Defendant knowingly and voluntarily pleaded guilty. *See* Plea Transcript [Doc. No. 69-1]. Defendant was specifically advised of the charge against him, the maximum possible punishment, and the waivers contained in the plea agreement, including a waiver of the right to bring a collateral challenge. Defendant confirmed that he and his attorney had gone over, and he understood, all the questions and answers in the plea petition. *Id.* at pp. 7–8. In short, the record clarifies that Defendant fully understood the plea agreement, and plainly establishes a factual basis for Defendant's plea of guilty. The Court found at the hearing that Defendant's guilty plea was knowing and voluntary. *See id.* at p. 15. The second factor is satisfied.

**III.    Enforcing the waiver does not constitute a miscarriage of justice.**

The third factor to consider is whether enforcement of the waiver would constitute a miscarriage of justice. To show a miscarriage of justice, Defendant must establish that: (1) his sentence was based on an impermissible factor such as race; (2) the waiver is invalid because counsel offered ineffective assistance in negotiating the terms of the waiver; (3) his sentence exceeded the statutory maximum; or (4) the waiver is otherwise unlawful and the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Hahn*, 359 F.3d at 1329.

There is no evidence on the record, and Defendant nowhere argues, that the Court relied on impermissible factors such as race in sentencing him. The maximum possible sentence the Court could have imposed was 96 months; the Court imposed an 84-month sentence, five years of supervised release, and a $200.00 special assessment. *See* Sentencing Transcript at pp. 16–18. The waiver is not otherwise unlawful, and Defendant has made no showing that any error relating to the waiver "seriously affected the fairness, integrity or public reputation of judicial proceedings." *See United States v. Olano*, 507 U.S. 725, 732 (1993); *Hahn*, 359 F.3d at 1329. The record contains no evidence to support a finding to the contrary.

Having fully considered the motion and having reviewed the record in this case, the Court finds that application of all three prongs of the test set forth in *Hahn* compels the conclusion that the waiver contained in the Plea Agreement [Doc. No. 54] is valid and enforceable.

5

## CONCLUSION

Accordingly, Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 64] is barred by the waiver in his plea agreement. Under § 2255(b), "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." An evidentiary hearing is not required where the "case record conclusively shows the prisoner is entitled to no relief." *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988). Under the applicable standard, an evidentiary hearing is not required here.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case, and a COA should be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion under 28 U.S.C. § 2255 [Doc. No. 64] is **DENIED**. Further, a COA is **DENIED**. Judgment shall issue accordingly.

**IT IS SO ORDERED** this 6th day of May, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge